IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:20-cv-24800 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAN STROMME, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

1. The United States of America brings this action to collect outstanding civil penalties assessed against Defendant Jan Stromme for his failure to timely and accurately report his financial interest in foreign bank accounts for the years 2005 through 2012, as required by 31 U.S.C. § 5314 and its implementing regulations, and to collect accrued interest on such penalties, late payment penalties, and associated fees.

2. The United States of America brings this action under 31 U.S.C. § 5321(b)(2) and § 3711(g)(4)(C) at the direction of the Attorney General of the United States, and at the request of and with the authorization of a delegate of the Secretary of the Treasury of the United States.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery of civil penalties.

4. Venue is proper in this district under 28 U.S.C. § 1391(c)(1) because Mr. Stromme is a United States citizen that is domiciled in this district and because the civil penalties at issue arose in this district.

1

## Background

***Regulatory Background Regarding the Duty to Report Relations with Foreign Financial Institutions***

5. Section 5314(a) of Title 31 provides that the Secretary of the Treasury "shall require" a U.S. citizen or resident to file reports when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency."

6. Although Congress did not define what constitutes a "relation" with a foreign financial agency, the implementing regulations make clear that "relationship" is a U.S. person's "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country." 31 C.F.R. § 1010.350(a) (2011); *see also* 31 C.F.R. § 103.24 (2005).

7. A report is required for any year in which the aggregate balance for such foreign financial accounts exceeds $10,000. 31 C.F.R. § 1010.350(a) (2011); *see also* 31 C.F.R. § 1010.306(c) (2011); 31 C.F.R. § 103.27(c) (2005).

8. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for violations of the reporting requirements of Section 5314. Specifically, Section 5321(a)(5)(B) provides for a penalty of up to $10,000 per violation.

9. For the years at issue, 2005 through 2012, these relationships were required to be reported on Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," by June 30 of the following calendar year. *See* 31 U.S.C. § 5314; *see also* 31 C.F.R. § 1010.350(a) (2011); 31 C.F.R. § 103.24 (2005); 31 C.F.R. § 103.27(c) (2005).

10. Each foreign financial account must be listed separately on the FBAR, with the limited exception for persons with 25 or more accounts. *See* FBAR, Parts II, IV, available at https://www.irs.gov/pub/irs-pdf/f90221.pdf.

11. The maximum account value of each foreign financial account must also be reported. *See* FBAR, Part II.

12. The penalty set forth under 31 U.S.C. § 5321(a)(5)(B) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

***Mr. Stromme's Failure to Timely Report His Relations with Foreign Financial Institutions***

13. Mr. Stromme is a natural born citizen of the United States and a dual citizen of Norway.

14. Mr. Stromme has significant business expertise, especially in the area of oil brokering.

15. Mr. Stromme is the 95% owner of Prime Energy Fuel Brokers ("Prime Energy").

16. Mr. Stromme is the 95% owner of Wynham Investments Corporation ("Wynham").

17. Mr. Stromme, during the years 2005 through 2012, maintained numerous foreign financial accounts with balances exceeding $10,000 at various foreign financial institutions. Specifically:

    a. Mr. Stromme maintained individual accounts with Fokus Bank ("Fokus"), Crédit Du Nord ("Nord"), and Handelsbanken ("HB");

    b. Mr. Stromme, and his wife, maintained a joint account with Fokus;

    c. Mr. Stromme, through Prime Energy, maintained accounts with Fokus and HB; and

    d. Mr. Stromme, through Wynham, maintained accounts with BSI Bank ("BSI").

18. Fokus, now known as Danske Bank, is the Norwegian subsidiary of Danske Bank, which is based in Copenhagen.

19. Nord is a French banking network based in Paris.

20. HB is a Swedish bank based in Stockholm.

21. BSI is a Swiss bank based in Lugano.

22. In **2005**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $51,951 | 100% | $51,951 |
| Fokus | XXXXXXX7452 | $100,000 | 95% | $95,000 |
| HB | XXXXXXX5402 | $50,000 | 95% | $47,500 |

23. Mr. Stromme failed to timely report his relationships with the accounts listed in Paragraph 22.

24. In **2006**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $57,721 | 100% | $57,721 |
| Fokus | XXXXXXX7452 | $100,000 | 95% | $95,000 |
| HB | XXXXXXX5402 | $40,000 | 95% | $38,000 |

25. Mr. Stromme failed to timely report his relationships with the accounts listed in Paragraph 24.

26. In **2007**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $29,590 | 100% | $57,721 |
| Fokus | XXXXXXX7452 | $20,000 | 95% | $95,000 |
| HB | XXXXXXX5402 | $100,000 | 95% | $95,000 |
| Nord | XXXXXXXXXXXXX0050 #0300 (EUR) | $86,543 | 100% | $86,543 |

27. Mr. Stromme had multiple Nord accounts with the same base account number. These accounts are distinguished in Paragraph 26 and below with four additional numbers that follow the base account number and the type of currency that the account held.

28. Mr. Stromme failed to timely report his relationships with the accounts listed in Paragraph 26.

29. In **2008**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $86,116 | 100% | $86,116 |
| HB | XXXXXXX5402 | $50,000 | 95% | $47,500 |
| Nord | XXXXXXXXXXXXX0050 #0300 (EUR) | $206,056 | 100% | $206,056 |
| HB | XXXXXXX1968 | $81,282 | 100% | $81,282 |

30. Mr. Stromme failed to timely report his relationships with the accounts listed in Paragraph 29.

31. In **2009**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $4,933 | 100% | $4,933 |
| HB | XXXXXXX5402 | $50,000 | 95% | $47,500 |
| Nord | XXXXXXXXXXXX0050 #0300 (EUR) | $315,732 | 100% | $315,732 |
| HB | XXXXXXX1968 | $21,873 | 100% | $21,873 |
| Nord | XXXXXXXXXXXX5640 #0200 (NOK) | $1,470 | 50% | $735 |
| Nord | XXXXXXXXXXXX5640 #0200 (USD) | $53,464 | 50% | $26,732 |
| Nord | XXXXXXXXXXXX5640 #0202 (USD) | $60,842 | 50% | $30,421 |
| Nord | XXXXXXXXXXXX5640 #0202 (EUR) | $3,010 | 50% | $1,505 |
| BSI | XXXXX97A1 | $16,323 | 95% | $15,507 |
| BSI | XXXXX97A3 | $402 | 95% | $382 |

32. Mr. Stromme failed to timely report his relationships with the accounts listed in Paragraph 31.

33. In **2010**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $16,806 | 100% | $16,806 |

6

| Nord | XXXXXXXXXXXXX0050 #0300 (EUR) | $119,617 | 100% | $119,617 |
| HB | XXXXXXX1968 | $14,798 | 100% | $14,798 |
| Nord | XXXXXXXXXXXXX5640 #0200 (EUR) | $24,599 | 50% | $12,300 |
| Nord | XXXXXXXXXXXXX5640 #0200 (NOK) | $16,509 | 50% | $8,255 |
| Nord | XXXXXXXXXXXXX5640 #0200 (USD) | $207,957 | 50% | $103,979 |
| Nord | XXXXXXXXXXXXX5640 #0201 (EUR) | $1,619 | 50% | $810 |
| Nord | XXXXXXXXXXXXX5640 #0202 (USD) | $54,649 | 50% | $27,325 |

34.    Mr. Stromme failed to timely report his relationships with the accounts listed in Paragraph 33.

35.    In **2011**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $766 | 100% | $766 |
| Nord | XXXXXXXXXXXXX0050 #0300 (EUR) | $18,573 | 100% | $18,573 |
| HB | XXXXXXX1968 | $5,269 | 100% | $5,269 |
| Nord | XXXXXXXXXXXXX5640 #0200 (EUR) | $61,689 | 50% | $30,845 |
| Nord | XXXXXXXXXXXXX5640 #0200 (NOK) | $56,619 | 50% | $28,310 |
| Nord | XXXXXXXXXXXXX5640 #0200 (USD) | $113,265 | 50% | $56,633 |

7

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Nord | XXXXXXXXXXXXX5640 #0202 (USD) | $56,588 | 50% | $28,294 |

36. Mr. Stromme failed to timely report his relationships with the accounts listed in Paragraph 35.

37. In **2012**, Mr. Stromme had a financial interest in, or signature authority over, the foreign bank accounts in the following table:

| Bank | Account No. | Highest Balance | Ownership Interest | Adjusted Balance |
|---|---|---|---|---|
| Fokus | XXXXXXX6137 | $800 | 100% | $800 |
| Nord | XXXXXXXXXXXXX0050 #0300 (EUR) | $58,808 | 100% | $58,808 |
| HB | XXXXXXX1968 | $5,578 | 100% | $5,578 |
| Nord | XXXXXXXXXXXXX0050 #0300 (USD) | $20,000 | 50% | $10,000 |
| Nord | XXXXXXXXXXXXX5640 #0200 (EUR) | $26,382 | 50% | $13,191 |
| Nord | XXXXXXXXXXXXX5640 #0200 (USD) | $84,244 | 50% | $42,122 |
| Nord | XXXXXXXXXXXXX5640 #0202 (USD) | $62,272 | 50% | $31,136 |
| Nord | XXXXXXXXXXXXX5640 #0202 (EUR) | $79 | 50% | $40 |

38. Mr. Stromme failed to timely and accurately report his relationships with each of the accounts listed in Paragraph 37.

39. The funds in the above foreign accounts include foreign wages and foreign interest income that Mr. Stromme earned as an oil commodities broker and was required to report on his individual income tax returns.

8

40. Mr. Stromme did not timely file individual income tax returns for tax years 2005 through 2011.

***Mr. Stromme's Participation in the Offshore Voluntary Disclosure Program***

41. On September 20, 2012, Mr. Stromme submitted an application to the Internal Revenue Service's Offshore Voluntary Disclosure Program ("OVDP").

42. On October 2, 2012, Mr. Stromme was accepted into the OVDP.

43. On January 9, 2013, Mr. Stromme filed his individual income tax returns for tax years 2005 through 2008.

44. On March 25, 2013, Mr. Stromme late-filed FBARs for years 2005 through 2011, and timely-filed an FBAR for 2012.

45. For 2012, Mr. Stromme failed to accurately identify each of the foreign accounts he had a relationship with and the maximum value of each account, as required by Form TD F 90-22.1.

46. On April 3, 2013, Mr. Stromme filed his individual income tax returns for tax years 2009 through 2011.

47. As part of Mr. Stromme's individual income tax returns for tax years 2005 through 2011, Mr. Stromme filed a Schedule B, on which Mr. Stromme reported having "an interest in, or signature or other authority over a financial account in a foreign country."

48. On June 26, 2014, Mr. Stromme filed amended FBARs for years 2005 through 2012.

49. In the FBARs filed on June 26, 2014, Mr. Stromme untimely reported his relationship with the accounts listed in Paragraphs 22, 24, 26, 29, 31, 33, 35, and 37 above, and the corresponding highest balance of each account.

50. On November 10, 2016, Mr. Stromme signed a consent to extend the statute of limitations for assessing FBAR penalties for years 2005 through 2011 to December 31, 2018.

51. After Mr. Stromme failed to provide documents requested by the Internal Revenue Service, Mr. Stromme was removed from the OVDP.

## COUNT I
### (Judgment for § 5321 Penalties)

52. Mr. Stromme did not timely and accurately report the relationships he had with each of the financial institutions listed in Paragraphs 22, 24, 26, 29, 31, 33, 35, and 37 above during 2005 through 2012.

53. A non-willful violation of 31 U.S.C. § 5314(a) is subject to a maximum penalty of $10,000 for each relationship not reported.

54. Under the Internal Revenue Manual, if a person meets certain threshold conditions, including cooperating during the examination, he or she may qualify for mitigation, which reduces the amount of the FBAR penalties. *See* I.R.M. 4.26.16.6.6.1.

55. Under the mitigated penalty guidelines, the Internal Revenue Service assesses a maximum of $500 per violation in each year the maximum aggregate balance of accounts did not exceed $50,000; a maximum of $5,000 per violation in each year the maximum aggregate balance of accounts exceeded $50,000 but did not exceed $250,000; and a maximum of $10,000 per violation in each year the maximum aggregate balance of accounts exceeded $250,000. *See* I.R.M. 4.26.16, Ex. 4.26.16-1.

56. The Internal Revenue Service determined that Mr. Stromme did not qualify for penalty mitigation because he failed to cooperate during the examination.

57. Nonetheless, the Internal Revenue Service exercised its discretion to assess a penalty at the mitigated guidelines for each bank, rather than each account, for a total penalty of $165,000 for years 2005 through 2012, as set forth in the table below:

| Year | Number of Foreign Banks with which Mr. Stromme had a Relationship | Mitigated Penalty Amount | Total Penalty |
|---|---|---|---|
| 2005 | 2 | $5,000 | $10,000 |
| 2006 | 2 | $5,000 | $10,000 |
| 2007 | 3 | $5,000 | $15,000 |
| 2008 | 3 | $10,000 | $30,000 |
| 2009 | 4 | $10,000 | $40,000 |
| 2010 | 3 | $10,000 | $30,000 |
| 2011 | 3 | $5,000 | $15,000 |
| 2012 | 3 | $5,000 | $15,000 |
| Total | | | $165,000 |

58. The Internal Revenue Service then exercised its discretion to further prorate these penalties to each account based on the adjusted account balances.

59. On November 1, 2018, the Internal Revenue Service issued a Letter 3709 to Mr. Stromme, informing him of the proposed FBAR assessments for 2005 through 2012. That letter explained that if Mr. Stromme did not agree with the proposed assessment, he could request a pre-assessment conference with the Appeals Office.

60. Mr. Stromme did not request a pre-assessment conference.

61. On November 30, 2018, a delegate of the Secretary of the Treasury assessed FBAR penalties against Mr. Stromme in the amount of $165,000 for years 2005 through 2012.

62. The statute of limitations for assessing an FBAR penalty is six years from the date the FBAR is required to be filed. 31 U.S.C. § 5321(b)(1).

63. The assessment in this case was timely. Specifically:

   a. The assessment was timely as to years 2005 through 2011 because on November 10, 2016, Mr. Stromme signed a consent to extend the statute of limitations for assessing FBAR penalties for years 2005 through 2011 to December 31, 2018.

   b. The assessment was timely as to year 2012 because the statute of limitations had not yet expired for that year as of the assessment date.

64. On December 3, 2018, a delegate of the Secretary of the Treasury issued a Letter 3708 to Mr. Stromme, notifying him of the FBAR penalty assessment and demanding payment.

65. Despite the notice and demand for payment, Mr. Stromme has failed to pay the FBAR penalties assessed against him.

66. Interest and other statutory additions continue to accrue on the unpaid assessments.

67. With accrued interest and penalties, Mr. Stromme owes $187,266.12 as of November 3, 2020, for FBAR penalties, which is comprised of the non-willful FBAR penalties, as well as interest and penalties for late payment that have accrued, and will continue to accrue, as provided by law.

## PRAYER FOR RELIEF

The United States of America respectfully requests that this Court:

a. Enter judgment in favor of the United States and against Jan Stromme in the amount of $187,266.12 as of November 3, 2020, plus interest and further additions as allowed by law that continue to accrue; and

b. Award such other and further relief as may be available under the law.

Dated: November 20, 2020

Respectfully Submitted,

Richard E. Zuckerman
Principal Deputy Assistant Attorney General

**Jeremy A. Rill**
Jeremy A. Rill
Special Bar No. A5502675
Fla. Bar No. 124485
Jeremy.A.Rill@usdoj.gov
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Attorney for the United States

Of Counsel:

Ariana Fajardo Orshan
United States Attorney
Southern District of Florida

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions):   a) Re-filed Case ☐ YES ☐ NO       b) Related Cases ☐ YES ☐ NO
JUDGE:                                                             DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE                                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY : RECEIPT #**          **AMOUNT**          **IFP**          **JUDGE**          **MAG JUDGE**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**   **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**   **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
            Brief Description: Unauthorized reception of cable service

**VIII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

 

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                          _____
                                                                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: