IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-24800-UU

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAN STROMME, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **ORDER**

THIS CAUSE is before the Court on the United States of America's Motion for Final Default Judgment. D.E. 17 ("Motion"). The Court has considered the Motion, the record, and is otherwise fully advised in the premises. For the following reasons, the Motion is granted.

## BACKGROUND

On November 20, 2020, the United States filed this action seeking a judgment against Jan Stromme for civil penalties assessed against him for his failure to report his interest in a foreign financial account for the years 2005 through 2012 pursuant to 31 U.S.C. § 5314. D.E. 1. Because Mr. Stromme has not answered or otherwise responded in this case, the well-pleaded allegations in the Complaint are deemed admitted and taken as true. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 8(b)(6). On January 12, 2021, the Clerk of Court entered default against Mr. Stromme, D.E. 15, and on January 21, 2021, the United States of America filed its Motion for Final Default Judgment against Mr. Stromme. D.E. 17. As the allegations in the Complaint provide a sufficient basis for default judgment to be entered, the Court grants the United States' motion.

1

## DISCUSSION

United States citizens and residents are subject to taxes on their worldwide income, regardless of where it is earned. *See* 26 U.S.C. § 61(a); 26 C.F.R. § 1.1-1(b). To ensure compliance with this requirement (and to assist with other aspects of law enforcement), taxpayers must annually report their interests in financial accounts in foreign countries via a two-step process. *See* 31 U.S.C. § 5314(a); *United States v. Clines*, 958 F.2d 578, 581–82 (4th Cir. 1992) (explaining the rationale and reporting process). Form 1040 (U.S. Individual Income Tax Return) requires taxpayers to annually report whether they had any interest in or authority over a financial account in a foreign country. *See* IRS Form 1040, Schedule B, Part III, Line 7, https://www.irs.gov/pub/irs-pdf/f1040sb.pdf. Form 1040 also directs taxpayers with foreign financial accounts valued at more than $10,000 USD during the previous year to file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR").[1] For the years at issue, an FBAR is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 103.27 (2008); 31 C.F.R. § 1010.306(c).

The factual allegations in the Complaint state a sufficient basis for the judgment sought against Mr. Stromme. An individual is liable for a non-willful FBAR penalty if they are required to report a relationship with a foreign financial agency but fail to timely and accurately report that relationship. *See* 31 U.S.C. §§ 5315, 5321(a)(5)(A). A person is required to file an FBAR if they are (1) a citizen or resident of the United States, (2) the individual has a "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign

---

[1] Effective October 1, 2013, taxpayers required to report foreign financial accounts do so on FinCEN Form 114.

country," and (3) the aggregate balance of any foreign financial accounts exceeds $10,000.  *See* 31 C.F.R. §§ 1010.350(a)–(b), 1010.306(c).

As alleged in the Complaint—and deemed admitted by Mr. Stromme's default—Mr. Stromme is a United States citizen. D.E. 1 ¶ 13.  Mr. Stromme had a financial interest in, or signature authority over, foreign bank accounts during the years 2005 through 2012.  D.E. 1 ¶¶ 17–21.  Each year, Mr. Stromme's aggregate balance of foreign accounts exceeded $10,000.  D.E. 1 ¶¶ 22, 24, 26, 29, 31, 33, 35, 37.  As such, Mr. Stromme was required to file a timely and accurate FBAR for each of the years 2005 through 2012.  However, Mr. Stromme failed to timely file an FBAR for each of the years 2005 through 2011.  D.E. 1 ¶¶ 23, 25, 28, 30, 32, 34, 36.  For 2012, although Mr. Stromme filed a timely FBAR, Mr. Stromme failed to accurately identify each of the foreign accounts he had a relationship with and the maximum value of each account, as required by the FBAR form. D.E. 1 ¶¶ 44, 45.  Therefore, Mr. Stromme failed to satisfy his reporting obligations under 31 U.S.C. § 5314 and a delegate of the Secretary of the Treasury properly assessed civil penalties against Mr. Stromme under 31 U.S.C. § 5321. D.E. 1 ¶¶ 57, 61.

The Complaint further provides sufficient basis for the Court to determine that the amount of the penalties assessed against Mr. Stromme was proper.  Having established that Mr. Stromme failed to timely and accurately report his relationship with foreign bank accounts, the IRS was entitled to assess a penalty of up to $10,000 per violation. 31 U.S.C. § 5321(a)(5)(B)(i). Importantly, each unreported relationship with a foreign financial agency constitutes an FBAR violation and "the IRS may penalize each such violation with a penalty not to exceed $10,000." *United States v. Boyd*, No. 2:18-cv-00803, 2019 WL 1976472, at *4 (C.D. Cal. Apr. 23, 2019), *appeal filed*, No. 19-55595 (9th Cir. May 22, 2019); *but see United States v. Kaufman*, No. 3:18-cv-00787, 2021 WL 83478, at *10 (D. Conn. Jan. 11, 2021) (concluding that "Congress did not

intend for the statutory cap for non-willful violations to be determined on a per account basis");
*United States v. Bittner*, 469 F. Supp. 2d 709, 727 (E.D. Tex. June 29, 2020) (holding that non-willful FBAR penalties "apply on a per form, rather than per account basis"), *appeal filed*, No. 20-40597 (5th Cir. Sept. 11, 2020).

The IRS exercised its discretion to assess a penalty of no more than $10,000 per foreign bank with which Mr. Stromme had a relationship in each year. D.E. 1 ¶¶ 57, 61. A delegate of the Secretary of the Treasury gave notice of the penalty assessments against Mr. Stromme for years 2005 through 2012 and made demand for payment. D.E. 1 ¶ 64. However, despite notice and demand for payment, Mr. Stromme has failed to pay the FBAR penalties assessed against him. D.E. 1 ¶ 65. The United States has established that Mr. Stromme owes $189,554.47 as of January 14, 2021, on account of the civil FBAR penalties assessed against him, plus interest and statutory additions. D.E. 17-3 ¶ 6. As such, final default judgment is appropriate.

Accordingly, it is

ORDERED AND ADJUGED that the United States of America's Motion for Final Default Judgment, D.E. 17, is GRANTED.  The Clerk of Court is DIRECTED to enter final default judgment against Jan Stromme and in favor of the United States in the amount of $189,554.47 as of January 14, 2021, plus interest and statutory additions, and to CLOSE this case.

DONE AND ORDERED in Chambers, Miami, Florida, this _25th__ day of January 2021.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record via CM/ECF